NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1109
_____

JOYCE ELBERSON,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, GOVERNOR'S OFFICE;
PENNSYLVANIA OFFICE OF ATTORNEY GENERAL;
PENNSYLVANIA STATE CIVIL SERVICE COMMISSION;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
STATE CORRECTIONAL INSTITUTION AT HUNTINGDON;
STATE CORRECTIONAL INSTITUTION AT SMITHFIELD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:06-CV-02143)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2010

Before:  FUENTES and VANASKIE, *Circuit Judges*, and DITTER,[*] *District Judge*.

(Filed: October 5, 2010)
_____

_____

[*]Honorable J. William Ditter, Jr., Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT
_____

DITTER, *District Judge*.

Appellant, Joyce Elberson, seeks review of the District Court's grant of summary judgment in favor of Appellees in a civil action brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. For the reasons that follow, we affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.[1]

Elberson is a woman of African-American descent who has alleged that she was denied employment for thirty-two different jobs with the Pennsylvania Department of Corrections ("DOC") because of her race. The DOC[2] filed a motion to dismiss based on *res judicata*, statute of limitations, sovereign immunity, and failure to exhaust

---

[1]The District Court had subject matter jurisdiction over the 42 U.S.C. § 1983 claim under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2]We refer to the appellees, Commonwealth of Pennsylvania Governor's Office, Pennsylvania Office of Attorney General, Pennsylvania State Civil Service Commission, Pennsylvania Department of Corrections, State Correctional Institution at Huntingdon, and State Correctional Institution at Smithfield, collectively as the DOC.

administrative remedies. In a memorandum and order dated March 31, 2008, the District Court dismissed all of Elberson's claims except for her Title VII claims relating to the positions listed in her amended complaint as Jobs 4 through 6, 31 and 32. The District Court held that Elberson's claims relating to Jobs 7 through 30 were barred by *res judicata*; her §§ 1981 and 1983 claims, and her PHRA claims were barred by the Eleventh Amendment; and her Title VII claims relating to Jobs 1 through 3 were time-barred. Elberson's motion for reconsideration was denied on May 8, 2009. However, in that order, the District Court stated that Elberson's Title VII claims relating to Jobs 31 and 32 were the only remaining claims. Elberson did not object or seek further clarification from the court concerning Jobs 4 through 6. All remaining proceedings concerned only allegations related to Jobs 31 and 32. At the close of discovery, cross-motions for summary judgment were filed.

In its October 29, 2009 memorandum and order, the District Court granted summary judgment in favor of the DOC and denied Elberson's motion for summary judgment. Although it was not clear that Elberson had even applied for either Job 31 or 32 (the evidence was inconsistent on this issue), the District Court found that this fact was not material because she had failed to exhaust her administrative remedies and that was sufficient cause to bar judicial review. The District Court rejected Elberson's claim that she was told it was not necessary to file a complaint by the Equal Employment

3

Opportunity Commission ("EEOC") after reviewing various documents Elberson alleged

supported this assertion. The District Court concluded:

> Plaintiff in this case has already been warned that she must produce some evidence that she followed through with the administrative process (*see* Memo. and Order, Doc. 26, at 14). Plaintiff failed to do so and has even admitted she did not file charges with the EEOC. Plaintiff is intimately aware of the administrative process required for employment discrimination claims, (Doc. 55-3, at 13 of 17), and failed to follow through with them with regards to claims thirty-one and thirty-two. Because Plaintiff failed to exhaust her administrative remedies, summary judgment for Defendants will be granted and Plaintiff's motion will be denied.

(App. 41.)

In her appeal, Elberson raises two issues for our review, both of which deal with

Jobs 31 and 32: 1) did the District Court err when it ruled that she failed to exhaust her

administrative remedies; and 2) did the District Court err when it granted the DOC's

motion for summary judgment? The answer to both questions is no. As an aside,

Elberson seeks remand for the District Court to consider her claims regarding Jobs 4

through 6. This request shall be denied.

## II.

The standard of review of an order granting summary judgment is plenary.

*Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d

Cir. 2006). Summary judgment is proper where the moving party has established that

there is no genuine dispute of material fact and "the moving party is entitled to judgment

4

as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence in the light most favorable to the non-movant and will affirm the District Court where no reasonable finder of fact could have found in favor of the non-movant. *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009).

## III.

Under Title VII, a plaintiff must file a complaint with the EEOC or its state equivalent within 300 days of the alleged violation. 42 U.S.C. § 2000e-5(e)(1). "Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC." *Webb*, 562 F.3d at 262. In general, this requirement is strictly construed and the failure to pursue the appropriate administrative remedies will bar judicial review.

### A. Failure to Exhaust Administrative Remedies

There are no material facts at issue as Elberson now concedes that she did not file a claim with the EEOC or the Pennsylvania Human Relations Commission ("PHRC") concerning Jobs 31 and 32. On appeal, Elberson seeks to excuse her failure to exhaust administrative remedies by asserting two alternative theories: 1) "she could not have filed an EEOC claim because she was not informed" of Jobs 31 and 32 and, even if informed, she would not have been hired because the DOC "had an obvious intent not to hire [Elberson] for any jobs under any circumstance;"[3] and 2) "had she been interviewed and

---

[3]Yes, Plaintiff's counsel contends Plaintiff was not required to file a claim of discrimination with the EEOC because, having no knowledge of Jobs 31 and 32, she did not apply for them. She was the victim of discrimination because she did not get this job

once again discriminated again [sic], she would not have been required to file an EEOC complaint because the EEOC told her that she did not need to file any more complaints with EEOC as long as they were similar in nature." (Appellant's Br. 18-19.)

Elberson's first argument, that she did not know about the positions and therefore was unable to apply for them, is rejected because it is raised for the first time on appeal. *See Union Pac. R.R. Co. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 126 (3d Cir. 2002) (stating that "in reviewing a summary judgment order, an appellate court can consider only those papers that were before the trial court. . . . Nor can [the parties] advance new theories or raise new issues in order to secure a reversal of the lower court's determination.") (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 3d §2716 (1998)). Moreover, this claim contradicts her assertions in the District Court that she did apply for the positions but was told by the EEOC not to file additional grievances.

Elberson's alternative argument that she should be excused from exhausting her administrative remedies because the EEOC told her not to file is not supported by the evidence. To prove this claim, Elberson relies on a cover letter from the EEOC dated March 3, 2004. This correspondence refers to a questionnaire that was returned by the agency because it "does not provide a rational basis for filing a charge with EEOC because your allegation is essentially a duplicate of an allegation already alleged in

_____

for which she did not apply.

6

previous charge filings." (App. 23.) We agree with the District Court that this letter does not support her claim, in part because it makes no reference to Job 31 or 32. Elberson needed only to proffer the returned questionnaire referred to in this correspondence to establish that she was pursuing a claim for Job 31 or 32 and prove her assertion that she was misled by the EEOC. Her failure to do so is telling.

B. Alleged District Court Error

Elberson also contends that the District Court erred in granting summary judgment in favor of the DOC because there were genuine issues of material fact that should have been decided by a jury. Having concluded that Elberson's claims concerning Jobs 31 and 32 were unexhausted and not subject to judicial review, we need not consider her second claim on the merits of her underlying assertions of racial discrimination.

C. Revival of Abandoned Claims

Finally, we reject Elberson's belated attempt to raise a claim that the District Court never addressed her claims concerning Jobs 4 through 6. Elberson never raised this issue with the District Court and her cursory reference to this issue in the last paragraph of her brief is insufficient to preserve this claim for appellate review.

We find this effort is particularly troubling in light of the record in the District Court. In its March 31, 2008 order on the DOC's motion to dismiss, the District Court reluctantly permitted the case to go forward on claims based on Jobs 4 through 6, 31 and 32 even though it was likely Elberson had not complied with the administrative

prerequisites for a lawsuit under Title VII. Elberson's complaint did not disclose the dates associated with these positions and did not specifically state the steps taken to exhaust her administrative remedies with respect to these jobs. Instead, Elberson's complaint included a general assertion that she had satisfied all of the procedural and administrative requirements set forth in Title VII and that she filed timely charges with the EEOC and the PHRC. Noting that the complaint was so poorly drafted it was not possible to resolve the exhaustion issue, and that counsel had previously professed ignorance of federal law and procedure, the District Court reminded counsel of his obligations under Federal Rule of Civil Procedure 11. Counsel was specifically warned not to proceed on any claim without a reasonable belief, formed after a reasonable inquiry, that it had been exhausted; otherwise, he would risk sanctions.

It was after this order, and at the conclusion of discovery, that Elberson's statement of undisputed facts was filed. In this filing Elberson states that the only jobs that remain as part of this lawsuit are Jobs 31 and 32 and references the District Court's March 31, 2008 order. At no time did Elberson make any effort to pursue any claims for Jobs 4 through 6. Thus, even if claims for Jobs 4 through 6 were not specifically dismissed in the March 31, 2008 or May 8, 2009 orders, Elberson was no longer pursuing them and the District Court properly considered only the claims concerning Jobs 31 and 32. We find any claim involving Jobs 4 through 6 is waived.

IV.

8

For the above-stated reasons, we affirm the judgment of the District Court in favor of the DOC.